## Charles B. Lewman, Appellee, v. Danville Street Railway & Light Company, Appellant.

1. TRIAL—*when improper remarks ground for reversal.* Improper remarks in the presence of the jury which if heeded were calculated to arouse passion and prejudice even though rebuked, are ground for reversal.

2. INSTRUCTIONS—*when upon question of negligence erroneous.* An instruction in a personal injury case which assumes the negligence of the defendant, is erroneous.

3. INSTRUCTIONS—*when as to duty of keeping tracks in repair erroneous.* It is error to tell the jury that insofar as the keeping of the track in question in repair was left to the servants of the defendant it was the duty of the defendant to exercise reasonable supervision to see that the work entrusted to them was properly done; the duty of the defendant is to use reasonable care to see that its tracks are kept in a reasonably safe condition.

THIRD DISTRICT—MAY, 1911.      583

Lewman v. Danville Street Ry. & Light Co., 161 Ill. App. 582.

4.  INSTRUCTIONS—*when as to exercise of ordinary care erroneous.*
It is error to instruct the jury in effect that unless an accident
occurred *solely* through the plaintiff's negligence he is entitled to
recover.

Action in case for personal injuries.   Appeal from the Circuit
Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge,
presiding.   Heard in this court at the May term, 1910.   Reversed
and remanded.   Opinion filed May 26, 1911.

H. M. STEELY, for appellant.

MABIN & MORRIS, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the
opinion of the court.

This is an action on the case by appellee against
appellant, to recover damages for personal injuries
sustained by the former while he was in the employ
of appellant as a street car motorman.   Upon a trial
by jury a verdict was rendered in favor of the plaintiff
for $300 and judgment entered thereon.

The second count of the declaration charges that
the defendant negligently permitted dirt and trash
to accumulate in the space on the inside of the rails
of its street car track in which the flanges of the car
wheels run, and that in consequence the car upon which
the plaintiff was acting as motorman, while passing
over an iron bridge, was caused to leave the rails and
strike the iron frame-work of such bridge, whereby
the plaintiff was thrown from the car and injured.

The sixth count charges that the derailment was
caused by the negligence of the defendant in allowing
a plank in the floor of the bridge to become loose so
that one end thereof protruded, by reason of which
the wheels of said car were caught by the end of said
board.   There was evidence tending to support the
latter count.   Upon the issues whether or not the acci-
dent was the result of the negligence of the defendant
as charged; whether it was due to the negligence of

the plaintiff in running his car at a high and dangerous rate of speed; and whether or not immediately prior to and at the time of the accident he was in the exercise of ordinary care and caution for his own safety, the evidence was close and conflicting, and the court was warranted in submitting the same to the jury. As the judgment must be reversed and the cause remanded for another trial, we shall not detail or discuss the evidence.

An examination of the record discloses that on several occasions during the trial, counsel for plaintiff made improper remarks in the presence of the jury, which if heeded by them were calculated to arouse their passion and prejudice. In view of the closeness of the case upon the facts, such conduct, although rebuked by the trial court, was of itself sufficiently prejudicial to necessitate a new trial. P. & O. Co. v. Scott, 137 Ill. App. 454.

The contention of the defendant that the plaintiff assumed the risk of being injured as charged, is without force, for the reason that the hazard arising from the negligence charged cannot properly be said to have been a usual known danger incident to his employment. There is no evidence tending to show that he knew of the defective condition of the track or flooring of the bridge, or that by exercise of ordinary care he could have known of the same. If however, he ran the car at a high and dangerous rate of speed as claimed he was guilty of contributory negligence.

The first paragraph of the second instruction given at the request of the plaintiff was complete in itself, and when so read, improperly assumed that the defendant was guilty of the negligence charged in the sixth count of the declaration. It was therefore calculated to mislead. The sixth instruction given for the plaintiff told the jury that in so far as the keeping of the track in repair was left to its servants, it was the duty of the defendant to exercise reasonable super-

vision to see that the work entrusted to them was properly done. The duty of the defendant was to use reasonable care to see that its tracks were kept in a reasonably safe condition. The instruction was misleading and should not have been given.

The fifteenth instruction offered by the defendant, after its modification by the court, told the jury in effect that unless the accident occurred solely through the plaintiff's negligence, he was entitled to recover. The modification, which consisted in the interpolation of the word "solely" in the instruction, was clearly improper. The eighteenth instruction was erroneous as offered and as modified and should have been refused. The court did not err in refusing the sixteenth, seventeenth and nineteenth instructions offered by the defendant, nor in refusing the others offered by it.

For the reasons indicated, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*